UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephanie Sims,                          Civ. No. 18-484 (PAM/SER)

              Plaintiff,

v.                                    **MEMORANDUM AND ORDER**

Met Council, Metro Transit,
and Amalgamated Transit Union,
Local 1005,

              Defendants.

---

This matter is before the Court Defendant Amalgamated Transit Union, Local 1005's Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Stephanie Sims contends that, while she was employed by Metro Transit in an unspecified position, "she was exposed to sexual material at the work place." (Compl. (Docket No. 1) at 4. Although she reported the incident to her supervisors, she alleges that they did not respond to her, and her co-workers confronted her about her report, making her fear for her safety. (Id.) The "Supplement" to the Complaint asserts that Sims reported the alleged sexual harassment to Metro Transit and Met Council and they failed to take the matter seriously, and that as a result she was "subjected to intolerable and toxic working conditions." (Id. Ex. 1 (Docket No. 1-1) ¶ 13.)

Sims raises six causes of action against Defendants Metro Transit, the Met Council, and Amalgamated Transit Union Local No. 1005. Count I claims termination in violation of the Minnesota Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of

1964 against Metro Transit and the Met Council. Count II claims retaliation but does not list the statutory basis for the claim or the Defendants against whom it is brought. Count III alleges negligent infliction of emotional distress against all Defendants. Count IV claims respondeat superior liability against Metro Transit and the Met Council, although the allegations in Count IV also claim that the Union "did nothing" and by doing nothing Defendants "allowed the situation spiral out of control and the harassment of plaintiff Stephanie Sims to continue unabated." (Compl. Ex. 1 ¶ 44.) Count V claims vicarious liability as to all three Defendants, alleging that the employees who harassed Sims acted within the scope of their employment so their actions should be imputed to Metro Transit, the Met Council, and the Union. Count VI claims that all three Defendants were negligent in handling her complaint.

Sims contends that she "has been under the care of a trained psychologist since the incident" (Compl. at 4), and that she suffered "injuries including but not limited to assault, emotional and psychological injuries." (Compl. Ex. 1 ¶ 46.) She seeks $1.2 million in damages.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion

to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

A.      **Title VII and MHRA Claims**

Although the Complaint lists only Metro Transit and the Met Council as Defendants as to Sims's Title VII and MHRA claims, Sims and the Union believe that those claims are raised against the Union as well. In seeking dismissal of these claims, the Union first argues first that it was not Sims's employer and that there is no allegation in the Complaint that the Union played any role in the alleged failure to investigate or in Sims's termination. In response, Plaintiff contends that the Union told her that she should not have complained about the harassment "because it places the other union members in trouble." (Pl.'s Opp'n Mem. (Docket No. 24) at 7.) But this allegation is not found in the Complaint, and "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." See Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quotation omitted).

Even if this allegation appeared in the Complaint, however, it would be insufficient. The law is clear that a union "is liable for an employer's discrimination in the workplace if it causes or attempts to cause the employer to discriminate." Thorn v. Amalgamated Transit Union Local 1005, 305 F.3d 826, 832 (8th Cir. 2002). Absent some allegation that the Union played any role in the alleged violations of the MHRA and Title VII, these claims must be dismissed.

In addition, any Title VII or MHRA claims Sims intends to raise against the Union must be dismissed because she did not exhaust her administrative remedies with respect to those claims. While Sims filed a charge of discrimination with the Equal Employment Opportunity Commission, this document does not mention the Union. (Pl.'s Ex. (Docket No. 24-4) at 1-2.) "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994) (quotation omitted). Sims failed to exhaust her administrative remedies with respect to her Title VII and MHRA claims against the Union, and those claims must be dismissed on this basis as well.

Finally, Sims contends that the Union had a duty to grieve her termination but did not do so. There is no allegation in her pleadings that Sims ever requested that the Union file a grievance related to her termination. But even if she had, her contention that the Union failed to grieve her termination is not a claim under the MHRA or Title VII. At best, it is a claim that the Union breached its duty of fair representation. See Buford v. Runyon, 160 F.3d 1199, 1201 (8th Cir. 1998) (describing duty-of-fair-representation claim). Sims has not pled such a claim, and as the Union points out, any such claim would be untimely in any event. See Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 967 (D. Minn. 2009) (Rosenbaum, J.) (noting that statute of limitations for duty-of-fair-representation claim under Minnesota law is 90 days).

B.  **Vicarious Liability**

The Union cannot be vicariously liable for the actions of Sims's co-workers, without any allegations of the Union's "actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof." 29 U.S.C. § 106. Plaintiff contends that the Court should not allow the Union to rely on this statute, which was enacted to prohibit union-busting. But the statute's origin is irrelevant, and its import in this case is clear: a union cannot be civilly liable for actions its members take unless the union played some role in those actions. There is no allegation here that the Union played any role in the alleged actions of Sims's coworkers. Indeed, Sims argues only that the Union "abdicated their duty to come to the aid of an unlawful terminated employee" and that the Union's "silence or failure to act was a tacit acquiescence to Metro Transit to terminate." (Pl.'s Opp'n Mem. at 7.) The Union has no "affirmative duty to investigate and take steps to remedy employer discrimination." Thorn, 305 F.3d at 832. Sims alleges nothing more than that the Union failed to take any action against her fellow Union members in response to her harassment complaints. This is insufficient to hold the Union vicariously liable for that harassment.

D.  **Negligent Infliction of Emotional Distress**

Sims's claim for negligent infliction of emotional distress similarly fails, because she has not alleged the elements of such a claim, including that she was in the "zone of danger of physical impact, reasonably fear[ed] for . . . her own safety, and consequently suffer[ed] severe emotional distress with resultant physical injury." Bohdan v. Alltool Mfg. Co., 411 N.W.2d 902, 907 (Minn. Ct. App. 1987). The Complaint and Supplement

5

vaguely allege that Sims was subjected to threats, but this is insufficient to support a claim for negligent infliction of emotional distress. In her response, Sims contends that she was confronted at her workplace and one of the harassing employees invaded her personal space and threatened to fight her. (Pl.'s Opp'n Mem. at 11.) Again, however, this allegation does not appear in the pleadings. Sims also relies on Missouri state court decisions involving intentional infliction of emotional distress (id. at 12), but these decisions are not on point and are not binding on this Court in any event. Sims's failure to allege any physical injury whatsoever is fatal to her claim for negligent infliction of emotional distress, and this claim must be dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 14) is **GRANTED** and Plaintiff's claims against Defendant Amalgamated Transit Union, Local 1005, are **DISMISSED with prejudice**.

Dated: October 3, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge